UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLD DETROIT BURGER BAR OF
CLARKSTON, LLC d/b/a
15th STREET TAVERN,

    Plaintiff/Counter-Defendant,

v.

G & J AMERICAN GRILL INC. d/b/a
5th TAVERN,

    Defendant/Counter-Claimant.
_____/

CASE NO. 20-11952

HON. DENISE PAGE HOOD

## ORDER REGARDING VARIOUS MOTIONS

**I.  BACKGROUND**

This is an action for unfair competition and trademark infringement case under the Trademark Act of 1946, 15 U.S.C. § 1125(a) filed by Old Detroit Burger Bar of Clarkston, LLC d/b/a 15th Street Tavern ("15th Street Tavern") against G & J American Grill, Inc. d/b/a 5th Tavern ("5th Tavern").  (ECF No. 1) 15th Street Tavern and 5th Tavern are both located in Clarkston, Michigan along State Route 15 or "Main Street."  15th Street Tavern opened in 2018. (ECF No. 13, Pg.ID 121). 15th Street Tavern is a contemporary American style restaurant that serves traditional bar favorites, including food, beer, and cocktails. *Id*.

Approximately one year after 15th Street Tavern opened, it began receiving inquiries about a second location, which was also located in Clarkston. (ECF No. 13, Pg.ID 124) Callers often inquired whether 15th Street Tavern was hiring for the new location and why it was opening another site in such proximity to the original restaurant. (ECF No. 13, Pg.ID 1254) Once 15th Street Tavern discovered that a similarly themed restaurant was opening nearby it began to investigate. *Id*.

15th Street Tavern contacted 5th Tavern to discuss the similarities between the two restaurant's names. (ECF No. 13, PageID.123). 5th Tavern informed 15th Street Tavern that there was not an issue because 5th Tavern owns another restaurant, by the same name, in a neighboring town of Bloomfield Hills. (ECF No. 18, PageID.191). 5th Tavern indicated that the Bloomfield Hills location predates the founding of 15th Street Tavern in Clarkston. *Id*. After 15th Street Tavern contacted 5th Tavern, 5th Tavern filed for a name reservation with Michigan's Department of Licensing and Regulatory Affairs. (ECF No. 1, PageID.6, PageID.26).

Shortly after 5th Tavern opened, customers began confusing 15th Street Tavern with 5th Tavern. (ECF No. 13, PageID.124.) Customers called 15th Street Tavern to place orders but arrived at 5th Tavern to pick them up. At least one distributor was also confused.

2

## II. ANALYSIS

### A. G & J's Motion for Summary Judgment and Old Detroit Burger's Motion for Leave to Amend

Rule 56(a) of the Federal Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Although the Court must view admissible evidence in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case

necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

Rule 21 provides that misjoinder of parties is not a ground for dismissing an action and that the court may at any time, on just terms, add or drop a party. Fed. R. Civ. P. 21. Rule 15(a)(2) provides "a party may amend its pleading with the court's leave," and that the court "should freely give leave when justice so requires" unless there is an apparent or declared reason such as undue delay, bad faith, or repeated failure to cure deficiencies previously allowed, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2). The "thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir.1986). When the amendment concerns the addition or removal of a party, "the same basic standard … will apply whether the pleader moves under Rule 15(a) or Rule 21." 6 Fed. Prac & Proc. 2d § 1474.

G & J argues that Old Detroit Burger brought the wrong party into court and that is entitled to summary judgment as a matter of law.

> The present Defendant is identified as **G & J American Grill, Inc. d/b/a 5th Tavern** (Exhibit 1) having its location on Telegraph Road in Bloomfield Township, Michigan. Yet, the acts complained of are directed against **G J & L American Grill, Inc. d/b/a 5th Tavern of Clarkston** (Exhibit 2), having an address at 7448 Main St., Clarkston,

4

>Michigan. This enterprise is a separate juridical entity apart from G&J on Telegraph Road.

(ECF No. 19, PageID.244) (emphasis added).

Submitting documents filed with the State of Michigan's Department of Licensing and Regulatory Affairs ("LARA") website, G & J shows that its business address at 2262 Telegraph Road, Bloomfield Township, Michigan 48302, which operates under an assumed name, "5th Tavern," since 2013. *Id.* at PageID.249-252. The 5th Tavern in this LARA document lists no place of business address.

G & J further submits documents showing that G J & L American Grill, Inc., has the **same address** as the G & J entity on Telegraph Road, Bloomfield, Michigan, which operates under an assumed name, "5th Tavern of Clarkston" since May 7, 2020. *Id.* at PageID.254-.257. The 5th Tavern of Clarkston in this LARA document lists no place of business address. G & J and GJ & L share the same registered agent, Gerardo Sanchez.

The affidavit of Gerardo Sanchez in support of G & J's Motion for Summary Judgment, asserts that the original 5th Tavern is located on Telegraph Road in Bloomfield Township. The 5th Tavern Clarkston is located on Main Street in Clarkston. *Id.* at 260.

5

G & J argues it is entitled to summary judgment since the named Defendant G & J American Grill Inc., d/b/a 5th Tavern, has not committed the alleged tortious acts set forth in the Complaint. G & J claims that a separate entity, G J & L American Grill, d/b/a 5th Tavern Clarkston, is the entity that opened in Clarkston and began operation in May 2020.

Old Detroit Burger responds that the Motion for Summary Judgment is premature, in light of its Motion for Leave to Amend. Old Detroit Burger seeks to add one corporate entity related to 5th Tavern—G J & L American Grill, LLC d/b/a 5th Tavern of Clarkston. Old Detroit Burger asserts that 5th Tavern's owners opened a sibling restaurant in Clarkston, Michigan under a separate legal entity. However, Old Detroit Burger further asserts that 5th Tavern of Clarkston relies on 5th Tavern's prior use of the mark in dispute which requires both entities to be joined as Defendants. Old Detroit Burger argues that there is no undue delay nor substantial prejudice to the non-movant. The amendment is not intended to harass nor cause prejudice against any party.

G & J opposes the amendment, arguing that while Rule 15(a)(2) enables the Court to grant leave when justice so requires, the Court should not give Old Detroit Burger a "free ride" by allowing the amendment. (ECF No. 23, PageID.309) G & J claims that Old Detroit Burger failed to exercise sound

6

lawyering in its haste to file the Complaint and the Motion for Preliminary Injunction, and that it was not a "clerical mistake" that the wrong entity was named. Because of this mistake, G & J was required to answer the Complaint and respond to the Motion for Preliminary Injunction, incurring substantial attorney fees.

Based on G & J's submissions, it appears there are two entities with similarly named legal entities (with the same principals and same business address) and two similarly assumed names. It may well be that Old Detroit Burger improperly named the wrong assumed name doing business in Clarkston. However, as noted by Old Detroit Burger and as argued by G & J in its response and supplemental briefs to the Motion for Preliminary Injunction, G & J relies on its 5th Tavern mark in its arguments that Old Detroit Burger cannot be successful in its trademark suit against G & J. The 5th Tavern mark, which was registered under the G & J entity (not G J & L) in May 2020, was filed after Old Detroit Burger opened in 2018. (ECF No. 18-4, PageID.214) Any trademark action Old Detroit Burger may have against G J & L, under the assumed name of 5th Tavern Clarkston, would necessarily involve the G & J entity since the 5th Tavern mark is registered under the G & J entity. Because G & J relies on its registered 5th Tavern mark filed under the G & J entity, and not G J & L, G & J is not entitled to be dismissed from

7

this action at this time. In addition, it is noted that G & J's Affirmative Defenses do not assert that Old Detroit Burger named the wrong entity as a defendant. G & J's Motion for Summary Judgment is denied based on the wrongful joinder argument.

As to Old Detroit Burger's Motion for Leave to Amend, the Court will allow G J & L American Grill, LLC, d/b/a 5th Tavern Clarkston, to be added as a Defendant in this action based again on G & J's argument that G J & L is the entity that is doing business in Clarkston as 5th Tavern Clarkston, the source of confusion alleged by Old Detroit Burger in its Complaint. Neither G & J American Grill nor G J & L American Grill will suffer prejudice by adding G J & L American Grill to this suit since both entities had knowledge of the suit, as both entities are owned by the same principals, with the same business address. There was no undue delay when Old Detroit Burger sought to add G J & L as a Defendant since Old Detroit Burger so moved less then two weeks after G & J filed its response to the Motion for Preliminary Injunction wherein G & J noted that it was G J & L who did business in Clarkston as 5th Tavern Clarkston. Old Detroit Burger's Motion for Leave to File Amended Complaint is granted.

### B. Motion for Preliminary Injunction

"The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Four factors must be balanced and considered before the Court may issue a preliminary injunction pursuant to Fed. R. Civ. P. 65(a): 1) the likelihood of the plaintiff's success on the merits; 2) whether plaintiff will suffer irreparable injury without the injunction; 3) the harm to others which will occur if the injunction is granted; and 4) whether the injunction would serve the public interest. *In re Delorean Motor Co.,* 755 F.2d 1223, 1228 (6th Cir. 1985); *In re Eagle–Pitcher Indus., Inc.,* 963 F.2d 855, 858 (6th Cir. 1992); and *N.A.A.C.P. v. City of Mansfield, Ohio,* 866 F.2d 162, 166 (6th Cir. 1989). The first factor is the most critical inquiry of the four criteria. *Mason Cnty. Med. Ass'n v. Knebel,* 563 F.2d 256, 261 (6th Cir. 1977). In making its determination the "district court is required to make specific findings concerning each of the four factors, unless fewer factors are dispositive of the issue." *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.,* 119 F.3d 393, 399 (6th Cir. 1997).

A plaintiff alleging a violation of the Lanham Act for trademark infringement and unfair competition must demonstrate that: 1) the plaintiff has a valid and legally protectable mark; 2) it owns the mark; and 3) the defendant's use of the mark to identify goods or services causes the likelihood of confusion. *See Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 502 F.3d 504, 512-13 (6th Cir. 2007) (citing 15

9

U.S.C. § 1115(a)). Only trademarks that are "distinctive" as a matter of law are protectable. *Id*. Descriptive terms that are not inherently distinctive may only be protected if they are proven to have acquired a secondary meaning. *DeGidio v. W. Grp. Corp.*, 355 F.3d 506, 510 (6th Cir. 2004).

To show common law trademark infringement and unfair competition under 15 U.S.C. § 1114, a plaintiff must demonstrate that the use of the allegedly infringing trademark "is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *General Motors Corp. v. Lanard Toys, Inc.*, 468 F.3d 405, 412 (6th Cir. 2006) (citations omitted); *see also Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Center*, 109 F.3d 275, 280 (6th Cir. 1997) (noting that "[t]he touchstone of liability under § 1114 is whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties"). Trademark infringement under Michigan law employs the same likelihood of confusion test. *Wilson v. Salem Sportswear, Inc.,* 931 F.2d 1100, 1105 n.1 (6th Cir. 1997). "This Circuit considers the question of whether there is a likelihood of confusion a mixed question of fact and law." *Lanard Toys*, 468 F.3d at 412 (citation omitted).

The eight factors for analyzing the likelihood of confusion are set forth in *Frisch's Restaurants v. Elby's Big Boy, Inc.*, 670 F.2d 642, 648 (6th Cir. 1982): (1) strength of the mark; (2) relatedness of the goods or services; (3) similarity of

the marks; (4) likely degree of purchaser care; (5) the defendant's intent in selecting its mark; (6) marketing channels used; (7) likelihood of expansion of the product lines; and (8) evidence of actual confusion. *Lanard Toys*, 468 F.3d at 412 (factors rearranged). A plaintiff must demonstrate a likelihood of confusion to obtain equitable relief; a plaintiff must demonstrate *actual* confusion to recover statutory damages. *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006). These factors are only a guide to determine the likelihood of confusion; they imply no mathematical precision. *Homeowners Group, Inc. v. Home Marketing Specialists, Inc.,* 931 F.2d 1100, 1107 (6th Cir. 1991).

At the outset arguably both parties have geographically descriptive trademarks because they have developed secondary meaning within the community. *Leelanau*, 502 F.3d at 514. 15th Street Tavern is located on Michigan Interstate 15 and 5th Tavern Clarkston is a sister restaurant to 5th Tavern Bloomfield. Each of the three entity uses the word "tavern" and lives up to the general definition of existing as a place where alcohol beverages are sold to be consumed on the premises.[1] However, based on the briefs submitted by the parties on the Motion for Preliminary Injunction, the Motion for Summary Judgment and the Motion for Leave to Amend, there are now more questions as to which defendant entity is responsible for the mark Old Detroit Burger is claiming creates confusion from Old Detroit Burger's mark.

---

[1] https://www.merriam-webster.com/dictionary/tavern

The Court also has just now allowed the addition of a second defendant in this action. The initial Motion for Preliminary Injunction was aimed at Defendant G & J American Grill; that Motion for Preliminary Injunction is denied without prejudice.

### III.  CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion for Preliminary Injunction (ECF No. 13) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 19) is DENIED.

IT IS FURTHER ORDERED that the Motion for Leave to File Amended Complaint (ECF No. 21) is GRANTED.  The Amended Complaint must be filed within 21 days from the entry of this Order.

IT IS FURTHER ORDERED that the Motion to Expedite Ruling on the Motion for Preliminary Injunction (ECF No. 35) and the Motion to Strike Motion to Expedite Ruling on the Motion for Preliminary Injunction (ECF No. 38) are now rendered MOOT.

IT IS FURTHER ORDERED that the Motion to Compel under Rule 37 and Extension of Time to Respond (ECF No. 37) are DENIED in light of the new scheduling order to be entered.

IT IS FURTHER ORDERED that the Motion to Amend/Correct the Scheduling Order (ECF No. 47) is GRANTED in that a new Scheduling Order will be entered after entry of this Order.

S/DENISE PAGE HOOD  
DENISE PAGE HOOD  
United States District Judge

DATED:  July 15, 2022